**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION**

| | |
|---|---|
| 1135 SKINCARE, LLC | ) |
| | ) |
| Plaintiff, | )     Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| BUBBLE BEAUTY, INC. | ) |
| | )     **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff 1135 Skincare, LLC, d/b/a Saint Crewe ("Saint Crewe" or "Plaintiff"), by and through undersigned counsel, alleges the following against Defendant Bubble Beauty, Inc. ("Bubble" or "Defendant").

**NATURE OF ACTION AND RELIEF SOUGHT**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., for a declaratory judgement of non-infringement of Defendant's alleged trade dress in its skincare products (the "Bubble Products").  Plaintiff seeks a declaration that the product packaging on its WATER WHIP™ gel cream, GOJI GLOW + GO™ facial mist, and CLEAN BEAM BALMY DREAM™ cleansing balm products do not infringe Defendant's rights in the trade dress associated with the Bubble Products.

2. This action arises out of Defendant's demands that Plaintiff immediately recall all of the Saint Crewe Products nationwide, cease all related advertising, promotion, and sale of the Saint Crewe Products, provide an accounting of all sales and revenues associated with the sale of the Saint Crewe Products, and agree to "permanently refrain from the advertising, promotion, and sale in United States commerce, of goods that replicate or encompass a confusingly similar to that of Bubble's distinctive trade dress at all third party retailers, brick-and-mortar locations, as well as

on its e-commerce site www.saintcrewe.com." *See* April 14, 2026 demand letter, attached as Exhibit A.

## PARTIES

3.     1135 Skincare, LLC, is a Louisiana limited liability company whose principal places of business are in Baton Rouge, Louisiana and Dallas, Texas; its members are citizens of Louisiana and Texas.

4.     Bubble Beauty, Inc. is a Delaware corporation with its principal place of business at 70 Charlton Street, New York, New York, 10014 and is a citizen of Delaware and New York.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. The claims alleged in this Complaint arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C. § 1125, *et seq*.  Moreover, this Court possesses diversity jurisdiction pursuant to § 1332 because Plaintiff is completely diverse from Defendant and the amount in controversy exceeds $75,000.

6.     This Court has personal jurisdiction over Defendant because Defendant has established minimum contacts with this forum and further, Defendant has substantial, continuous, and systematic contacts with the State of Texas. Defendant has directed infringement allegations and enforcement actions to Plaintiff related to the Saint Crewe Products in this District and seeks to halt the sale and advertisement of the Saint Crewe Products on a nationwide basis, including in the States of Texas and Louisiana, where Plaintiff resides. Defendant's enforcement activities against Plaintiff reach directly into this District, because Plaintiff maintains its third-party logistics and shipping services within this District. Accordingly, Defendant's demand that Plaintiff cease-and-desist from selling the Saint Crewe Products nationwide directly impact activity occurring in this District. Additionally, Defendant sells the Bubble Products through brick-and-mortar stores

- 2 -

and e-commerce delivery in this District. By virtue of these sales, contractual relationships with Texas vendors, and most importantly, the nationwide enforcement efforts Defendant has directed against Plaintiff in this District, Defendant has purposefully availed itself of the privilege of conducting business in this state and in this judicial District.

7.     Additionally, this is a District that has personal jurisdiction over Plaintiff for purposes of the infringement allegations that Defendant makes against Plaintiff in its multiple cease and desist letters. *See, e.g.,* Exhibit A. Plaintiff maintains an office in the Dallas-Fort Worth area, within this District, which serves as the home office of Plaintiff's Chief Executive Officer.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because the Defendant is subject to personal jurisdiction in this District. Specifically, the Saint Crewe Products which Defendant allege to be infringing are sold within the State of Texas, including within this District.

9.     An actual case or controversy exists between the parties. Defendant has repeatedly threatened to take legal action against Plaintiff, has sought a nationwide recall of the Saint Crewe Products, demanded that Plaintiff cease to manufacture and sell the Saint Crewe Products, and has demanded that Plaintiff halt all advertising, nationwide, related to the Saint Crewe Products.

<u>**GENERAL ALLEGATIONS**</u>

10.     Plaintiff sells sustainable, high-quality, and clinically tested skincare products under the Saint Crewe brand.  The Saint Crewe Products feature the "Saint Crewe" name prominently in script and are characterized by product packaging with an orange top and light blue body, as exemplified by the image below, accessible at https://saintcrewe.com/collections/shop-all:









CLEAN BEAM BALMY DREAM            TEAM GLEAM                WATER WHIP                GOJI GLOW + GO

11.     Plaintiff sells its products through its e-commerce site, available at https://saintcrewe.com/collections/shop-all, and in brick-and-mortar stores.

12.     Texas is Plaintiff's largest market for the Saint Crewe Products, and Plaintiff's commercial operations are centered in this District.

13.     Defendant is a global beauty company that markets its skincare products to young people. Defendant sells its products on its e-commerce site, www.hellobubble.com. Further, according to representations it has made to the U.S. District Court for the Southern District of New York, the Bubble Products are sold in over 12,000 stores nationwide, including Walmart, Target, CVS, Ulta Beauty, and their respective e-commerce channels, and online through e-commerce retailers Amazon and Beauty Bay. Unlike the Saint Crewe Products, which are uniformly styled with the signature Saint Crewe script font, orange cap, and blue body, Bubble Products bear a disjointed rendering of the word BUBBLE and come in a wide variety of color packaging, as exemplified in the image below, accessible at https://hellobubble.com/collections/treatments:

- 4 -

PD.61870574.1



14.    Additionally, both products are sold in boxes which further differentiate their look and feel when on the shelves of stores. An example of a display from a brick-and-mortar Target store shows the Bubble Products alongside other beauty and skincare products:



- 6 -

PD.61870574.1



PD.61870574.1

15.     Despite the very obvious differences and distinguishing features between the Saint Crewe Products and the Bubble Products, Defendant, a much larger company than Plaintiff, directed trade dress enforcement against Plaintiff in this District through a cease-and-desist letter dated April 14, 2026, wherein Defendant has specifically demanded the following actions from Plaintiff: "(1) Immediately cease and desist from the advertising, promotion, and sale of goods in the attached **Exhibit 1**"; (2) Provide an accounting of the sales and revenues associated with the sale of products attached **Exhibit 1**; (3) Agree to permanently refrain from the advertising, promotion, and sale in United States commerce, of goods that replicate or encompass a confusingly similar design to that of Bubble's distinctive trade dress at all third party retailers, brick-and-mortar locations, as well as on its e-commerce site www.saintcrewe.com; (4) Recall all Saint Crewe products in the marketplace that replicate or encompass a confusingly similar design to that of Bubble's distinctive trade dress." *See* Exhibit A, pp. 2-3.

16.     The obvious differences between the Saint Crewe Products and the Bubble Products can be seen in the very letter demanding that Plaintiff cease and desist from selling, advertising, and promoting the Saint Crewe Products. Specifically, in the examples cited by Defendant in its April 14, 2026 cease-and-desist letter, the Saint Crewe Products uniformly display the "Saint Crewe" identifier in script with packaging featuring an orange lid and blue body. The Bubble Products range in colors, with the first example showing a red cap and different blue body than that of Saint Crewe's; the second displaying a red cap and a grayish-purple body; the third showing a red cap and green body; the fourth featuring a red cap and darker blue body; the fifth showing a gray cap with a blue/purple body; and the sixth featuring a dark blue cap and an aqua blue body. *See* Exhibit A, pp. 2-6. What's more, this document created by Defendant includes comparisons of products that differ in purpose. *See, e.g., id.*, pp. 2-5 (comparing three different Bubble

- 8 -

PD.61870574.1

products—a "balancing moisturizer," a "water cream moisturizer," a "hydrating moisturizer" and a "super hydrating moisturizer") against a single Saint Crewe Product (the "Water Whip™Gel Cream").

17. On April 21, 2026, Plaintiff responded to Defendant's letter explaining the many differences between the parties' packaging, and thus, the lack of likelihood of any confusion, attached hereto as Exhibit B. Further, as noted in Plaintiff's April 21, 2026 letter, Defendant's alleged trade dress rights are unregistered and are not inherently distinctive, and thus, can only be enforced upon a showing of secondary meaning. To date, Defendant has provided no evidence that its trade dress, which varies widely in color and shape depending on the product, has acquired any type of secondary meaning.

18. Defendant then issued a second cease-and-desist letter to Plaintiff, dated May 1, 2026, attached hereto as Exhibit C. Defendant again emphasized its intention to enforce its alleged trade dress rights against Plaintiff in this District, and repeated its demands that Plaintiff immediately cease advertising, promoting, and selling the Saint Crewe Products nationwide, provide an accounting of said products, and recall all Saint Crewe Products throughout the entire United States.

19. In response, Plaintiff's counsel attempted to schedule a time to speak with Defendant's counsel several times, but Defendant's counsel never responded.

20. Defendant's allegations set forth in Exhibits A and C assert infringement by Plaintiff in this judicial District, because Plaintiff, through retail and online sources, sells and ships the allegedly infringing Product in this District. Defendant has directed its enforcement action to Plaintiff in this District by demanding, in Exhibits A and C, that Plaintiff cease *nationwide* sales,

PD.61870574.1

advertising and promotion of the Saint Crewe Products, and further, recall all existing Saint Crewe Products already in the marketplace.

21.    Defendant's repeated allegations that Plaintiff has infringed its trade dress, its demands that Plaintiff stop advertising, promoting, and selling the Saint Crewe Products nationwide, and further, recall existing Saint Crewe Products nationwide, combined with Defendant's counsel's silence in response to Plaintiff's attempt to further communicate regarding Defendant's cease-and-desist letters (Exhibits A and C) created a reasonable apprehension of litigation, and accordingly, there exists an actual case or controversy.

22.    Defendant's demands and threats have placed a cloud over Plaintiff's rights to continue selling the Saint Crewe Products in this District, and nationwide. Compliance with Defendant's demands would require Plaintiff to halt fulfillment from its Grapevine, Texas warehouse, recall product from Texas retailers and consumers, and abandon its leading market.

23.    Plaintiff's use of its own signature packaging for the Saint Crewe Products is not likely to cause customer confusion with the Bubble Products. Each company's products are clearly marked with their own source identifiers (the respective word marks "Saint Crewe" and "Bubble" prominently displayed) such that no likelihood of confusion will arise. Moreover, Plaintiff maintains a more uniform approach to its trade dress, with its Saint Crewe Products bearing the "Saint Crewe" identifier in script and the packaging containing an orange top with a powder blue body, whereas Defendant's products come in a variety of colors and shapes with no apparent consistency of application, with the disjointed rendering of "BUBBLE" clearly visible. Moreover, there is nothing distinctive about the relevant product packaging container shapes or configurations at issue here, given their material similarities to various product container shapes and configurations available, and lack of any non-functional distinctiveness, in the relevant cosmetics

PD.61870574.1

market. Given the obvious dissimilarities between Plaintiff's and Defendant's packaging and names, the Saint Crewe Products are not likely to cause confusion or deception among consumers.

24. In view of Defendant's threats and allegations, Plaintiff is entitled to a judicial declaration that: (a) there is no likelihood of confusion as to source, sponsorship, or affiliation between the Saint Crewe Products and the Bubble Products; (b) Defendant has failed to establish that it possesses trade dress rights related to the Bubble Products; and (c) Plaintiff's Saint Crewe Products do not infringe any alleged trademark or trade dress rights of Defendant.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgement of No Federal Trade Dress Infringement)**

25. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

26. Defendant claims that Plaintiff's sale of the Saint Crewe Products constitutes federal common law trademark infringement, and, under a threat of litigation, demands that Plaintiff cease selling, advertising, and promoting the Saint Crewe Products in United States commerce, and further, that Plaintiff recall existing Saint Crewe Products in the nationwide marketplace.

27. An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning Plaintiff's advertising, promotion, and sale of the Saint Crewe Products.

28. Plaintiff seeks a declaratory judgment from this Court that there is no likelihood of confusion as to source, sponsorship, or affiliation between Plaintiff's Saint Crewe Products and Defendant's Bubble Products.

29. Plaintiff seeks a declaratory judgment from this Court that Defendant has failed to establish secondary meaning in the unregistered Bubble Products trade dress.

PD.61870574.1

30.     Plaintiff seeks a declaratory judgment that Defendant has suffered no, and will not suffer any, damages, loss of goodwill, or dilution by blurring or tarnishment as a result of the sale of the Saint Crewe Products, and that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125, or other federal or state unfair competition laws.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor as follows:

A.     declaring that there is no likelihood of confusion as to source, sponsorship, or affiliation between Plaintiff's Saint Crewe Products and Defendant's Bubble Products;

B.     declaring that the packaging associated with the Saint Crewe Products on the Product does not infringe any trade dress rights of Defendant;

C.     declaring that the unregistered trade dress associated with the Bubble Products has not acquired secondary meaning; and

D.     declaring that Defendant has suffered no, and will not suffer any, damages, loss of goodwill, or dilution by blurring or tarnishment as a result of the advertising, promotion, and sale of the Saint Crewe Products, and that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125, or other federal or state unfair competition laws.

E.     awarding Plaintiff its costs, expenses and attorneys' fees in this action; and

F.     awarding such other further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court deems to be just and proper.

Respectfully submitted,

BY:    /s/ Lindsay Calhoun
Lindsay Calhoun, State Bar #4068590
Phelps Dunbar LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

- 12 -

PD.61870574.1

- 13 -

Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com


and

*/s/ Blake A. Bailey*
Blake A. Bailey
State Bar No. 01514700
Phelps Dunbar LLP
2102 E. State Hwy. 114, Suite 207
Southlake, Texas 76092-7626
(817) 305-0332 (phone)
(817) 488-3214 (facsimile)
blake.bailey@phelps.com

*Attorneys for 1135 Skincare, LLC*

PD.61870574.1

## VERIFICATION

I, Erin Piper hereby state that I have read the foregoing Complaint for Declaratory Judgment ("Complaint"), that I am authorized to make this Verification on behalf of Plaintiff 1135 Skincare, LLC, and that the factual allegations contained in Paragraphs 1-30 of the Complaint are true and based on personal knowledge or information available to me which I believe to be true to the best of my knowledge, information and belief. This statement is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Executed on May 18, 2026.

Erin Piper, Founder, 1135 Skincare, LLC