
MEISTER
SEELIG &
SCHUSTER

Alexa T. Blandeburgo
*Associate*
a.blandeburgo@mss-pllc.com
(212) 655-3500

April 14, 2026

**URGENT LEGAL COMMUNICATION
WITHOUT PREJUDICE**

**VIA E-MAIL**

1135 Skincare, LLC
10202 Jefferson Hwy.
Suite B2
Baton Rouge, Louisiana 70806
Email: hello@saintcrewe.com

**Re:    Infringement of Bubble Beauty Inc.'s Valuable Trademark Rights**

To Whom It May Concern:

Our firm is outside intellectual property counsel to Bubble Beauty, Inc. ("Bubble") and writes on its behalf with respect to a matter of the utmost urgency and importance. Bubble is a global wholesaler and e-commerce retailer of skincare products that represents the first skincare brand tailored for young skin. Bubble has been dubbed a "Gen Z-favorite" skincare brand, with social media accounts on Instagram (@bubble), TikTok (@bubble), and YouTube (@bubbleskincare) collectively massing millions of followers.

Bubble's skincare products prominently feature the mark "BUBBLE" (the "BUBBLE Marks"), which are sold throughout the United States by retailers in over 12,000 brick and mortar stores. This includes Target, Walmart, CVS, and Ulta Beauty, in addition to their respective e-commerce sites, through popular e-commerce platforms such as Amazon and TikTok Shop, and through Bubble's dedicated e-commerce website located at the domain www.hellobubble.com.

Since launching in 2020, Bubble skincare products and the BUBBLE Marks have garnered a cult following, unsolicited media buzz, and millions of views and likes on TikTok:

**EXHIBIT
A**



Key elements of the iconic Bubble brand are its fun colorful packaging, creative and fresh product descriptions and names, and innovative product packaging designs. The designs of the Bubble products and overall aesthetic of the Bubble brand are inherently distinctive in the skincare space and have acquired secondary meaning in the marketplace by virtue of Bubble's unsolicited advertising, loyal fan base, and considerable product sales. Therefore, Bubble owns strong and enforceable rights in its product packaging and brand trade dress within the United States.

We write today because it has recently come to our client's attention that 1135 Skincare, LLC ("1135 Skincare") has been selling cosmetic facial items that infringe on Bubble Beauty's valuable intellectual property rights and are otherwise acts of unfair competition. Attached in **Exhibit 1** is a product-by-product comparison of the Saint Crewe products that infringe on Bubble's valid and enforceable intellectual property rights (the "Infringing Products"). It is clear Saint Crewe copies the product packaging shape, color-block style, and at times, portrays similar product description and names of certain Bubble products, such that when relevant consumers come across the Saint Crewe products, they are likely to be confused or deceived into the mistaken belief that the Infringing Products emanate from or are sponsored by, approved by, affiliated with, or otherwise connected with Bubble.

Bubble considers the manufacture, promotion, and sale of the Infringing Products, depicted in **Exhibit 1,** at third party retailers such as Revolve as well as on Saint Crewe's e-commerce site, as direct infringements of Bubble's valuable and enforceable intellectual property rights are otherwise unlawful acts of unfair competition. As such, in order to avoid any actual or possible consumer confusion and resulting harm to Bubble and the value, exclusivity, and marketplace reputation of its Bubble brand and distinctive trade dress, we write to respectfully request that you agree to take the following actions:

(1) Immediately cease and desist from the advertising, promotion, and sale of goods in the attached **Exhibit 1**;

(2) Provide an accounting of the sales and revenues associated with the sale of products attached **Exhibit 1**;

(3) Agree to permanently refrain from the advertising, promotion, and sale in United States commerce, of goods that replicate or encompass a confusingly similar design to that of Bubble's distinctive trade dress at all third party retailers, brick-and-mortar locations, as well as on its e-commerce site www.saintcrewe.com;

(4) Recall all Saint Crewe products in the marketplace that replicate or encompass a confusingly similar design to that of Bubble's distinctive trade dress.

We ask that you please provide us with written assurances of your intention to take these actions within one (1) week of the date of this letter, **April 21, 2026**. In the absence of such assurances, we will be forced to presume that you do not intend to comply with these requests and will therefore advise our client to take all necessary legal action to protect the value, exclusivity, and marketplace reputation of its Bubble brand and distinctive trade dress.

We look forward to your prompt response.

All rights reserved.

Very truly yours,

MEISTER SEELIG & SCHUSTER PLLC

By: *Alexa Blandeburgo*
Alexa T. Blandeburgo, Esq.

# Exhibit 1






















